# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN DOUGLAS FRIERMUTH, a single person,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>CITY OF PUYALLUP; and JOSEPH A PIHL and "JANE DOE"PIHL, husband and wife, and their marital community composed thereof,<br><br>　　　　　　　　Defendants. | **Case No.** C06-5534 JKA<br><br>**ORDER RE:**<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND QUALIFIED IMMUNITY** |

　　This matter comes before the Court on Defendants' Motion for Summary Judgment and Qualified Immunity.  The court has reviewed all materials submitted in support of and in response to said motion as well as the files and records herein.

　　Plaintiff alleges that he was unlawfully arrested and detained by defendant Joseph Pihl, a City of Puyallup police officer.  Plaintiff seeks damages based on alleged violation of his civil rights under 42 U.S.C. 1983.

　　On December 20, 2005, plaintiff was involved in a minor automobile collision at approximately 9:30 p.m.  Following a confrontation with occupants of the other vehicle, plaintiff called 911 for assistance. Defendant Pihl and Officer Clark responded to the accident scene. Officer Pihl alleges observing slurred speech, watery and bloodshot eyes, and the odor of intoxicants.  Officer Pihl asked the defendant if he had been drinking.  Plaintiff acknowledges admitting to two beers between 4:30 and 5:00 p.m.  Officer Pihl claims plaintiff acknowledged "about four beers earlier."  It is undisputed that field sobriety tests were

administered. Officer Pihl alleges that plaintiff failed the field sobriety tests and that combined with the odor, speech, other observations, and plaintiffs acknowledged earlier consumption of alcohol, probable cause existed to arrest plaintiff. The plaintiff was then placed under arrest. Upon arrival at the police station plaintiff consented to and was administered a breathalyzer test, which showed a blood alcohol concentration of .010. Surprised at the results officer Pihl suspected that plaintiff was under the influence of drugs (as opposed to alcohol). At Pihl's request, plaintiff submitted to a drug evaluation report and drug testing at Good Samaritan hospital. Thereafter, plaintiff was returned to the police station, booked, cited for DUI (Driving while under the influence) and released. At plaintiff's arraignment the court found probable cause based on officer Pihl's observations, and the case was set for trial. Thereafter, the results of the drug testing revealed no illicit drugs. Based on the alcohol and drug testing the charges were dismissed. On March 16, 2000, plaintiff filed a claim for arrest without probable cause against the City of Puyallup. The claim was denied, and this lawsuit ensued.

Defendants move for summary judgment asserting as follows:

1) The claims against the City of Puyallup should be dismissed based on Officer Pihl's probable cause to arrest plaintiff, and lack of any city policy leading to plaintiff's arrest;

2) Officer Pihl had probable cause to arrest plaintiff; and

3) Even without probable cause defendants are protected by the doctrine of Qualified Immunity.

Plaintiff's response includes a tri-part motion to strike:

1) Exhibits A,B, and D to the Culumber Declaration and portions of Exhibit A (3:1-5:13) to Ferrand Declaration;

2) Exhibits C and F to Culumber Declaration; and

3) References to plaintiff's arrest and conviction record. This issue was also raised in a separate Motion in Limine filed by plaintiff.

Defendants respond to plaintiff's motion to strike and reply to plaintiff's response.

Inasmuch as it seems appropriate to rule on the Motions to Strike prior to considering the Motion for Summary Judgment/Qualified Immunity, the court first addresses the Motions to Strike/Limine.

**Plaintiff's Motions to Strike – Motion in Limine**

**1) Motion to Strike Exhibits A, B, and D to Culumber Declaration; pp3:1 – 5:13 of plea hearing attached to Declaration of Nicole F. Ferrand, legal assistant for defense counsel.** The exhibits at issue are sequentially the Police Report, DUI interview report, and Drug Evaluation Report.

Plaintiff objects to the court's consideration of these documents as hearsay on the basis they are unsigned, unsworn, out of court statements, and although attached to counsel's affidavit, counsel has no personal knowledge regarding their content.  Defendant contends they should be considered by the court pursuant to the business records exception to the hearsay rule.  The court concludes that although the exhibits *may* be admissible at trial**,** that does not make them eligible for consideration in a CR56 Motion for Summary Judgment.  Officer Pihl is an available party.  A request that the court consider his unsworn testimony for purposes of a motion for summary judgment is puzzling.   Plaintiff also asks the court to strike from consideration that portion of a transcript of the plea hearing before the Puyallup Municipal Court which is a summation by counsel of portions of Exhibit A, offered at the arraignment in support of the city's requirement to establish probable cause (which the court considered with the comment regarding the yet undetermined results of the blood tests "obviously those blood results are going to play prominently into this case.") For purposes of the motion for summary judgment in this case, the exhibit is relevant and as part of the court record is admissible, though not dispositive. <u>Plaintiff's Motion to Strike Exhibits A, B, and D for purposes of this Motion for Summary Judgment is granted; Motion to strike pp3:1–5:13 of attachment to Declaration of Nicole F. Ferrand is denied.</u>

**2) Motion to Strike Exhibits C and F to Culumber Declaration.**  Exhibits C and F are counsel's letter to the city of Puyallup in support of his claim for damages and plaintiff's signed claim form for damages, both submitted in support of the requirement that a claim be submitted before the filing of a lawsuit.  Plaintiff claims that these documents should be stricken on the basis that they are inadmissible under ER 408 as submitted for the purpose of negotiating or compromising a claim.  The court does not agree.  There is nothing about Exhibits C or F that portends to be anything other than having been submitted as the necessary prerequisite to filing a claim.  They do not offer to compromise the plaintiff's position, nor do they compromise the plaintiff's claim in this litigation.  <u>Plaintiff's Motion to Strike Exhibits C and F is denied</u>.

**3) Motion to Strike references to plaintiff's arrest and conviction record.**  This motion, though coupled with the above referenced motions to strike, is presented as a motion in limine. The court finds little, if any, relevance to the pending motion for summary judgment/qualified immunity.  There is no allegation that the defendants were or were not aware of the prior convictions at the time the decision to arrest was made. <u>Accordingly, the court denies the motion without prejudice to renew as a </u>

"motion in limine" to be noted at the time of the pre-trial conference.

## Motion for Summary Judgment

**1) <u>Motion re: 1983 Claim against City of Puyallup</u>**. At the outset it is important to note that although plaintiff's complaint could easily be construed to set forth a section 1983 claim against the City of Puyallup, in his response to the defendants' motion for summary judgment and qualified immunity, plaintiff specifically states: "There is no 42 U.S.C. 1983 claim against the City of Puyallup, therefore Puyallup's motion to dismiss such claim should be denied." The court could therefore deny the motion as moot or grant defendants' motion. Because paragraph 3.1 of plaintiff's complaint could easily be interpreted to allege a section 1983 claim against Puyallup, <u>the court grants defendant Puyallup's Motion for Summary Judgment as to any and all claims by plaintiff against the city under 42 U.S.C. 1983.</u>

**2) <u>Motion re: 1983 Claim against defendant(s) Pihl.</u>** Inasmuch as the matter is before the court on motion for summary judgment, the court is required to determine whether or not there is a dispute as to one or more material facts as to the reasonableness of Officer Pihl's arrest of defendant. Because the facts offered by plaintiff and Officer Pihl leading up to plaintiff's arrest differ to some degree, the court must accept the plaintiff's version of the facts for purposes of this motion. The court will discuss the issues of probable cause and qualified immunity jointly, recognizing the need to proceed consistent with the directives of *Saucier v. Katz*, 533 U.S. 194; 121 S.Ct. 2151(2001).

Both parties version of the facts place the moment of arrest prior to the breathalyzer or blood test results. Plaintiff argues that (a) the results of the breathalyzer test, cast serious credibility on Officer Pihl's stated observation that plaintiff "smelled strongly of intoxicants" and that his speech was "slurred," (b) the discrepancies in Officer Pihl's recollection as to plaintiff's statements regarding consumption of alcohol as they relate to each other and to the plaintiff's version of those statements create a question of fact; and (c) f Pihl's interpretations of the field sobriety tests were unreasonable for reasons not limited to his 6'2" 300 lb frame. In addition to the breathalyzer test results to challenge Pihl's description of plaintiff's appearance of non-sobriety, plaintiff has also submitted a CD recording of plaintiff's conversation with the 911 dispatcher. The court has listened carefully to that recording and detects no evidence of "slurring" or other speech impediment from plaintiff.

Both sides rely to some extent on *Saucier*. The Court, therein, clarified the process for examining qualified immunity, holding that the court's initial inquiry must be whether the facts alleged, taken in the

light most favorable to the party asserting the injury, show that the official claiming qualified immunity engaged in conduct violating a constitutional right. If the court reaches that conclusion, the second step of the inquiry is to determine whether or not that right was clearly established. Ultimately the issue is whether it would be clear to a reasonable official (or there was reason to believe) the alleged conduct was unlawful in the situation he/she confronted. The *Saucier* Court noted that an officer's mistake does not preclude a qualified immunity defense if the mistake was reasonable. The Court strongly suggests that qualified immunity rulings should be made early in the course of litigation to avoid unnecessary costs and expenses where the defense is dispositive.

Because plaintiff asserts that he was arrested without probable cause, the constitutional right at issue is plaintiff's Fourth Amendment right to be free from unreasonable search and seizure. This right is one clearly established and well known to law enforcement officers.

It is not unusual for the *Saucier* test to be problematic. This case is no exception. The tension between the directive to make an early determination, and the "reasonableness" of the officer's actions in the context of summary judgment can be difficult. That is especially true in this case where plaintiff's explanation for defendant Pihl's behavior appears to be that he was deliberately untruthful, as opposed to being negligent or mistaken in his judgment. The basis of this credibility characterization is based, in part, on plaintiff's position that Pihl's reported observations of plaintiff's behavior could not be true given the subsequently revealed alcohol and drug test results. This is important given the admonition by the *Saucier* Court that the court must consider the right in the context of the case.

Because the court is satisfied that the alleged constitutional right to be free from an unlawful search and seizure was well known to defendant Pihl, and because there are questions of fact as to whether or not the arrest was reasonable <u>defendant Pihl's motions for summary judgment and qualified immunity are denied</u>

Dated this 1st day of June, 2007.

/s/ J. Kelley Arnold
United States Magistrate Judge